UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

*(Rev.* **RECEIVED**
*U.S. DISTRICT COURT*
*WESTERN DISTRICT OF LOUISIANA*

MAR 1 7 2026

BY. DANIEL J. McCOY, CLERK

EMILE HAWKINS #290101

CASE NO.  2:26-CV-00417 SEC P

VERSUS

JUDGE JAMES D. CAIN, JR.

RYAN COURVILLE ET AL

MAGISTRATE JUDGE LEBLANC

COMPLAINT
PRISONER CIVIL RIGHTS UNDER 42 U.S.C. § 1983

I.   **Previous Lawsuits**

a.   Have you begun any other lawsuit while incarcerated or detained in any facility?
Yes ☒   No ☐

b.   If your answer to the preceding question is "Yes," provide the following information.

1.   State the court(s) where each lawsuit was filed (if federal, identify the District, if state court, identify the county of parish):

_Western District of Louisiana_

2.   Name the parties to the previous lawsuit(s):

Plaintiffs: _Emile Hawkins_

Defendants: _Warden William Powell ETAl_

3.   Docket number(s): _00870_

4.   Date(s) on which each lawsuit was filed: _6-2025_

5.   Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

_Still Pending_

c.   Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?
Yes ☒   No ☐

Page 1 of 4

*(Rev. 8/14/2023)*

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

*006218*

II.  a.  **Name of institution and address of current place of confinement:**

*Jefferson Davis Parish Correction Center*

b.  Is there a prison grievance procedure in this institution?
Yes ☐  No ☒

1.  Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit? Yes ☐ No ☒

If "Yes," what is the Administrative Remedy Procedure number?

*N/A*

2.  If you did not file an administrative grievance, explain why you have not done so.

*N/A*

3.  If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?

*N/A*

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III.  **Parties to Current Lawsuit:**

a.  Name of Plaintiff: *Emile Hawkins*

Page **2** of **4**

(Rev. 8/14/2023)

Address: 1530 Hwy 90 west Jennings LA 70546

b. Defendant, RYAN Courville _____, is employed as
Police Officer at City of Jennings, LA

Defendant, C-BROUSSARD 110 N. BROADWAY ST 70546 , is employed as
Dispatcher at City of Jennings LA 110 N. BROADWAY ST 70546

Defendant, BRANDON GUILLORY _____, is employed as
Police Officer at City of Jennings LA 110 N. BROADWAY 70546

Additional defendants: Mendoza Eduardo, Rondey Daigle
City Police Department
110 N. BROADWAY ST, Jennings, LA 70546

## IV.  Statement of Claim

State the **FACTS** of your case.  Specifically describe the involvement and actions of each named defendant.  Include the names of all persons involved in the incident(s) or condition(s) giving rise to the lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred.  **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS.  YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.  IF EXTRA PAGES ARE REQUIRED TO STATE THE FACTS OF YOUR CASE, YOU ARE LIMITED TO FIVE TYPEWRITTEN OR TEN LEGIBLE HANDWRITTEN PAGES PURSUANT TO LOCAL CIVIL RULE 3.2.**

ON APRIL 10, 2025 HAWKINS WAS WALKING ON the Street Jefferson St with His Bitie And LAWN mower And Tools, Between the Hours 10:30 A.M To 4:00 P.M Police Officer RYAN Courville And BRANDON GUILLORY Pull their Police Car over Jump out there Police Car Told Hawkins To Stop Come Here. Hawkins Stated To The police Officer For what, what you want with me I'm NOT WANTED By the police, And I Did not commit No Crime. No I'm not Coming See What you want, Police RAN UP ON HAWKINS

Page 3 of 4

See Attached Paper

ATTACHED CLAIM

P. 1

## Statement of Claim

Asking Hawkins questioned about where he got his bag of tools, law mower, chainsaw, and weedeater from, Hawkins Reply To Police Courville and Guillory, It is my stuff, leave me the fuck alone, I'm tired of your harrassing me for no reason, leave me the fuck alone, I'm going to work and to the store. Police Courville Ran and grab Hawkins, Telling him come here, Hawkins tell officer Courville for What, I'm not wanted by police and I have no warrants, and I did not commit no crime, what you want with me, Police tell Hawkins put your hands behind your back, police Courville Reach and grab Hawkins arm, police Courville had to grab Hawkins arm and put handcuffs on Hawkins, no crime was committed by Hawkins in the state of Louisiana Hawkins has the right to refused unlawful arrest, that is his 4th Amendment Right to be left alone citizen as the right in Louisiana, no crime was committed or was being committed by Hawkins for police Courville to pull up and harrass Hawkins, If police was looking for stolen items from Hawkins. Where is police Courville proof of phone calls Hawkins stole items, where is police Courville search warrant to search Hawkins personal property bag of tools, law mower, chainsaw, and weed eater, police Courville

R.9.14

P.2

Violated L.A.R.S. 215.1 And 218. of Louisiana Probable Cause. 4th Amendment Rights, Search And seizure, Miranda Warning Advise Right, 4th 5th And 6th Amendment Right privilege, Self Incrimination, on April 20,2025 between the Hours 10:30a.m To, 19:27 or 7:27p.m Officer Courville And Guillory on Police Report stop Hawkins while He was walking going to work, on His Lawn Service Small Business, on the street Jefferson st, Jennings Louisiana, was Handcuff By Both police Officers for no reason No crime was Committed. Hawkins Refused to Talk To Both police Officers, police Officer Handcuff Hawkins Never Read His Right To Him. Terry Stop. There Existed No Probable cause to submit Hawkins personal Belongings To a custodial search. Hawkins states the warrantless search And seizure was conducted In violation of Right To privacy And guarantee Against unreasonable Search And seizures In violation of Article 1 section 5 Louisiana Constitution of 1974, And of the 4th Amendment United States Constitution. (536)

L.S.A. C.CR. P. Art (308) Authority To Search B. Requirement of Probable Cause. Before a Commander may Authorize a Search of a person And His personal Belongings or Area in A place Under His control He must At Least, Have

Pg 3

## Statement of Claim

Probable cause to believe, crime is being committed or has been committed, the person and personal belongings to be search committed or is involed in the crime, the evidence of the crime is now where the commander plans to search and the information is credible and the source of the information is reliable.

The commander should consult a judge advocate, DA form 3745 should be used by the commander when authorizing a search, on April 16, 2025 Hawkins was handcuff and his personal belongings was search by police officer Courville, Guillory and Mendoza, no miranda right was read to Hawkins before or during search of Hawkins personal belongings no search warrant was given or shown to Hawkins to search property, on police report police Courville states he questioned Hawkins in police car, about a gun found in Hawkins closed up tool bag, police Courville question Hawkins in police car his miranda warning adina right was not read to Hawkins for police Courville to keep questioned Hawkins, when police Courville jump out police car he questioned Hawkins about the items of his lawn service, police Courville should have read Hawkins right to him before questioning him about any thing, police claim

He was Looking for Stolen Item on April 10, 2025 police Courville Read No Rights, To Hawkins Before And During Handcuff, No Warrant for Arrest And Search was the Result of an un Lawful Search without a Warrant And without probable cause LA. R. S. 215. 1 And 218 Constitutional Right Had Been Violated, Because the Evidence was illegally And un lawfully obtained the Commander Should Consult a Judge Advocate DA form 3745 Should Be used By the Commander when Authorizing A Search, Hawkins Did Not Tell Police Officer Courville, Guillory And Mendoza To Search, Hawkins Ask Police Officer where is there Search Warrant To Search His personal property Rights was not Read To Hawkins To Search His property, And no Search Warrant To Search person property on April 10, 2025,

No Miranda Rights was Read To Hawkins on scene on Conver Jefferson St. And Craig St Jennings, LA, on police Report, police Courville States Clearly under Oath He Read Hawkins His Rights At 22:00 p.m. on police Report 4-10-2025 why Hawkins Right was Not Read To Him Before And During Handcuffing And question ing And search of personal property.

Police Report Records States Miranda warning advise Rights Read At 22:00 p.m. Hawkins was Arrested At 10:30 A.M. To

P.S.

Statement of Claim

4:00 p.m Hawkins was Arrested And Handcuff Questions. Personal property Search. No probable cause Existed For Hawkins Arrest. On 4-10-25

Hawkins was Being Question By courville In police Car. After Hawkins Tell police To Do Question Him, the police courville Kept Question-ing In police Car.

On April 10, 2025 Hawkins was Transported To City police Department After Being Handcuff And Rights Not Read To Him. Between 10:30 A.M. And 4:00 p.m. Body worn camera, police courville took Hawkins out of police Car Back seat And Told Hawkins the Reason why He stop Hawkins was Because He seen a Bag Hanging from Hawkins pocket when He pass Hawkins up In police Car. police courville Stated to Hawkins that the Reason why He stop Hawkins. Because of the Bag Hanging out of His pocket is His Reason for Stopping Hawkins. And Question. Now why On police Report police courville States UNDER OATH He stop Because He was Looking for Stolen Items. On Body worn camera police courville states To Hawkins He Stop Because He seen A Small Bag Hanging from Hawkins pocket. words To Hawkins from police courville Body worn camera will prove A false police Report And will prove false police station "Call for service

C-Broussard File False Report To 31st J.D.C. Jennings, LA 4-10-25, Stating 4 police unit 75, 44, 39, And 36 was on the scene At 19:27pm or 7:827p.m. On scene Arresting Hawkins on the corner of Jefferson St And Craig St. Jennings, LA Body worn Camera And (2) Dash Camera in All 4 police Car will prove Time of Hawkins Arrest was not At 19:27p.m. All police Report states 19:27 They Call for service Stating they Arresting Hawkins, Hawkins was Arrested Between 10:30 Am To 4:00 p.m. Body worn Camera will prove Time of Arrest on 4-10-25, upon this At Hand, police Courville File a False Police Report, Stating He was Looking For Stolen Items on the 4-10-25, on police Report police Courville, Lie, At City Police Department in Jennings, police Courville Took Hawkins out of police Car And Stated To Hawkins on His Body Camera, He Stop Hawkins Because He Seen A Bag Hanging From Hawkins pocket, Now on police Report Why He Say He Stop for Stolen Items Body worn Camera, And Police Surveillance Camera, And Car Dash Camera Voice Sound will prove word spoken To Hawkins By police Courville He Stop Hawkins Because of a Bag Hanging From His pocket, False Records ot Police Report

*(Rev. 8/14/2023)*

_See ATTached paper_

## V. Relief

State exactly what you want the court to provide to you or do for you.  Make no legal arguments.  Cite no cases or statutes.

Any Additional Relief this court Deem Just Proper And EQUitABle. Plaintiff pray For Compensatory, Punitive Damages Against Each Defendant in the Amount of $10,000 Dollar, For Each Violation. Jury TRAil Deem $20,000 Dollar For Violation Miranda warning Advise Rights $5,000 Dollars For Each Violation court Deem a Violation, Upon complaint AT Hand

## VI. Plaintiff's Declaration

a. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

b. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

c. If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this ___4th___ day of ___February___ , 20_26_

_____
**Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons**

_Emile Hawkins_
**Signature of Plaintiff**

Page 4 of 4