26-cv-0417

RECEIVED     sec P.
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

APR 0 6 2026

BY:_____ DANIEL J. McCOY, CLERK

My I Receive A copy of This Motion
Back I was unable To get A copy.
Thank you

sec P.

Emile HAWKINS                           Case: 2:26-CV-00417
        VS.                             Judge: Jame D. Cain Jr
Ryan Courville, ET Al                   Judge: Thomas LeBlanc
Mendora Edards, Brandon -
Guillory, C Broussard, John Doe         3-28-26

Motion To Amend Complaint Civil
Procedure Federal Rule 8.
        Now Into court through under signed Pro-
Se Emile Hawkins who Respectfully In forms this
Honorable court that Motion To Amend Complaint
Be Here By granted To Him By Federal Rule 8.
        Hawkins Alleged Constitutional Right Violations
Arose in Jefferson Davis Parish, On April 10, 2025, By the
city Police Department In Jennings, LA. On the corner
Of Jefferson St and craig St, Police Officer Courville,
Mendora, Guillory, Broussard And John Doe All 4 police
Officer Violated Hawkins Both Federal And Louisiana
constitutional Rights, Miranda Warning Advise.
4th Amendment Right in Louisiana, Search And Seizure
Right, Louisiana constitution Right 5th And 6th Amendment
Privilege Right Against self-Incrimination, 4th Amendment
Right protect a citizen Right To Privacy, Violated
LA.R.S. 215.1 Probable Cause, LA. C.CR.P Article 703(d)
LA.R.S. 14.133 Filing False Public Records, 4th Amendment
Right citizen Has the Right To Refused unlawful Arrest
In Louisiana Terry Stop Imminent that the Right To Be
Left Alone is Violated, Right To Be free from government

Interference, 4th Amendment of the United States Constitution. Provides that "the Right of the people to Be Secure in their person, Houses, papers, And effects, Against Unreasonable Searches And seizures, shall not Be Violated". Article 1 section 5 of the Louisiana Constitution provides Broader protection, stating that every person shall Be secure in His person Against Unreasonable, searches seizure, or Invasions of privacy.

L.A.R.S. 215.1 Probable Cause To Arrest A Citizen in Louisiana (A) Law Enforcement Officer may stop a person in A Public Place whom He Reasonably suspects is Committing, Has Committed, or is About to Committ An offense. And may Demand of Him His Name And Explanation of His Action.

On 4-10-25. Police Ryan Courville on His written Under Oath. Penalty of Perjury. He Arrested Hawkins in Jennings LA on the corner Jefferson St And Craig St. AT, 19:27 p.m. or 7:27 p.m. upon Police Report Police Courville States He Read, Miranda Warning Advice AT. 22:00 p.m. OR 10:00 p.m. on police Report police Courville clearly states He Questioned Hawkins in Back seat of police Car, Hawkins was Handcuff And Placed in Police Car on the corner 10:30 A.m To 11:00 p.m Jefferson St and Craig St, no Miranda Rights was Read To Hawkins Prior To Any Questioned Express Questioned made By Police Courville in police Car To Hawkins, Hawkins was Being Question By Police Courville without His Right Being Read To Him, Police Report States Miranda Rights Read AT 22:00 p.m. To Hawkins. Here—

2

in Police Courville in Police Report States He Jump out of His Car, Police Courville Never States in Police Report. Hawkins Committed A Crime, or was Committing, or Had Committed An Offense, the police Courville Has Violated Hawkins Rights To Be Free Left Alone From government Interference, LA.R.S. 215.1 Probable cause To Arrest. On 4-10-25 Police Courville Never Had Probable cause To Arrest Hawkins, Hawkins Committed No Crime prior To Terry Stop On 4-10-25, Probable cause To Arrest exist when the facts And circumstances within an officers knowledge And of which He Has Reasonable And Trustworthy Information, Are sufficient to Justify A person Of Average caution in the Belief that the Accused Has Committed An Offense.

In this Claim, Hawkins, States, Police Report States police was Looking for Stolen Items, Hawkins Alleges That prior To the Terry Stop, Police Officers They had Never Received No Information Conducting Hawkins To Any Criminal Activity, Nobody call police And said Hawkins stole Any Items, for police Officer To pull up And Harrass Hawkins, No where in Police Report 4-10-25, States Hawkins stole Any Item, From Nobody in the City of Jennings, Police Officer Are not Entitled To stop every person whom He sees on the Street Of whom make Inquiries.

Police Officers Had Cuff Hawkins Hands Behind His Back, Because Hawkins Refused To Comply with police officers on Terry Stop, Pat Down, search Was for what Crime Hawkins Had Committed

Before, Police Pull up on Hawkins, No Warrant
For Hawkins Arrested, No Where, police officer
Handcuff Hawkins Didn't Read Hawkins His.
Rights, Before and During Handcuffing and
Before and During Placed in police Car, No
Rights Was not Read to Hawkins Police Officer
Kept Asking Hawkins Questions While Hawkins
Was in police Car Back Seat, Body Worn Camera
Will prove No Right Was Read to Hawkins on the
Corner of Jefferson ST and Craig ST on 4-10-25
Between the Hours of 10:30 A.m, To 4:00 P.m.
Time police Officers Handcuff Hawkins For
No Crime Being Commited, Here Hawkins
States His Rights Was Not Read to Him until
About 10 Hours, Police Report States Hawkins
Rights Was Read At 22:00 p.m or 10:00 p.m At
Night, Hawkins Was Not Arrested At No 19:27
or 7:27 p.m. at Night, Hawkins Was Arrested p.m
During Noon 4-10-25. police Call For Service
Was file False By police Dispatcher, C-Broussard
On 4-10-25, Dispatcher C-Broussard file public
Records Stating Hawkins Was Arrested By
Police unit On Scene 44,75,36, And 39, Was on
The Scene with Hawkins Body Handcuffing
Him At 19:27 p.m, Body Camera and Dash
Camera will prove Time and Location, Why Dispatcher
File police Report Stating All police unit Call in
At 19:27 And Reported They Was on Scene with

3

Hawkins Body Handcuffing Him on the corner of Jefferson st and Craig st.. At 19:27 p.m or 7:27 p.m. At night on 4-10-25; Hawkins Herein Alleges clearly He was in the City Holding Cell At Time 19:27 p.m or 7:27 p.m. why would City Police "Call for Service" Dispatcher fill out police Report paper, Stated All on court Recorded paper Documents, 4 police Unit. Car, 44, 36, 75, And 39, call Him And He Talk To them All 4 Cars Unit at 19:27 p.m,, Police Officers File False Public Records, No police Cars was Unscene with Hawkins Body At 19:27 p.m. Arresting Hawkins, Hawkins Alleges He was Arrested on 4-10-25 10:30 A.m To 4:00 p.m somewHere Between Time, Body worn camera And police DASH camera, will locAtion And Time, And DATe Hawkins Body should Be seen on Police Body worn Camera at 19:27 p.m. Hawkins Being Hand cuff rights, Read To Him, The Reason for He Being Arrested for the Crime He Committed Before the Terry stop.

Body worn camera will prove no Rights was Read to Hawkins Before And During Questioned By police officer, when Handcuff And placed in police Car, Back seat Questioned, Hawkins with out Reading His Rights To Him, Hawkins personal property was search By Police officer, They Didn't Have a search warrant To search Hawkins Bag of Tools, Hawkins on Body worn camera, Ask police officers where is them search warrant To search His property, Terry Stop is A PATDown. not searching citizen personal

property without a Search warrant, police Pat Down Searches Are limited to a frisk of the outer clothing for weapon, officers could not go into His pocket exceeded the scope of His Authority, under Terry Stop, Hawkins was not free to walk away He was Handcuff, once the officer was satisfied that No weapon Resulted from His Pat Down of Hawkins Body, There were Search officers onscene, Hawkins was not free to walk Away, Moverallers this stop takes a Different Direction to custodial Interrogation Actually At The Time, Triggers the protection Provided By Miranda Rights, 5th Con count of Appeal Held, Prior To Any Questioning Before And During the Right To A Lawyer Before the Subject is Question Hawkins was Questioned on 4-10-25 In Police car By Police Courville, The Exact Situation which Demand the protection of Miranda, Post Arrest Miranda Does not cure this illegality And Pat Down Exceeded it scope, Body Worn camera Footage which Confrim Both No Search or Seizure was valid As Probable cause LA.R.S. 215.1 Nor Exigent circumstance Existed And No Search warrant or warrant was obtained on 4-10-25 on the Corner of Jefferson St And Cora 9 St Between 10:30 A.m To 4:00 p.m. Time of Hawkins Arrest onscene by police Courville, police Courville Violated Both Federal And Louisiana constitution Right Law. on 4-10-25, In Jennings LA, Also File False Public Records of police Report" Dispatcher - E BROUSSARD N.E. 4