Emile Hawkins                    Western District Court

VS.              # 2026-CV-00417 sec    Judge: ____ JR

Ryan Courville, Mendora Edardo    Judge: LeBlanc

Brandon Guillory, C-Broussard ETAL,

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
APR 24 2026
DANIEL J. McCOY, CLERK
BY: ____

## Order

Motion To Show Cause For Memorandum Order And Motion For Court Order For Clerk of Court Becky Freeland & District Attorney Lauren Heinen 31st J.D.C. 300 N. State St. Jennings, LA 70546

It is futher Ordered Motion Request For Production Of Documents Pursuant To Federal Rule 34 Now into Court Comes through Undersigned Pro-se Plaintiff, Emile Hawkins Comes Respectfully Inform This Honorable Court, This Court Has Authority To Order Defendants, To Respond, To Emile Hawkins Pro-Se Motion To Show Cause, And Motion For Court Order For Clerk of Court & District Attorney Lauren Heinen 31st J.D.C. Jennings, LA Shall Provide Tangible Evidence And Documents upon This Said Order within 30 Days of this Order.

It is futher Ordered That this Western District Court Order 31st J.D.C. Clerk of Court And District Attorney Lauren Heinen Shall Produce Request Documents of Emile Hawkins Arrest on 4-10-2025 Time 10:30 A.M To 19:29 p.mon 7:29 p.m. By City Police Department of Jennings, LA, Shall Produce Police Ryan Courville Worn Body Camera on 4-10-2025, And Produce All 4 police unit on scene, 44, 75, 36, And 39, Dash Camera from Police Car 4-10-25, Shall Produce; Miranda Warning Advice Rights, Search Warrants, LA.R.S. 275.1 Probable Cause To Arrest, 9th Amendment Rights Citizen Search and Seizure, Terry Stop, Pat Down, Rights was Not Violated By City Police Officer. on scene 4-10-25

4th Amendment Right, Both Federal And State of Louisiana outline Procedural Safe guards that must Be Satisfied Before a Custodial interrogation takes Places

Hawkins should Have Been Informed that He Had the Right To Speak to A Lawyer Before He Answered A Single Question. From Police Courville 4-10-2025, Shall Produce 4th Amendment Right search And seizure of Hawkins personal property Right. 4th Amendment Federal Constitutional guarantee of Counsel to Protect a fifth Amendment Privilege Against self-Incrimination. The Citizen has the Legal Right To walk Away, Citizen Has Equal Right to Ignore Police Interrogator And walk away Hawkins certainly need not submit to a Frisk For the Questioner protection. The fruit of the Poisonous Tree. Before He Places a Hand on the person

It is futher Ordered that this Western District Court Order 31st J.D.C. Clerk of Court And District Attorney Lauren Heinen To Produce Records And Documents of Hawkins Arrest on 4-10-25, Herein Hawkins Alleges On the 4-10-2025 Both Federal and State of Louisiana Constitutional Rights was Violated, Hawkins was Detained Immediately, which Trigger the Protection Provided By Miranda Right. Police Courville Did not Advised Hawkins of His Rights At the Time of the Terry Stop. Pat Down. Records will Reflect Hawkins was Questioned By Police Courville in Back seat of Car. Police Report on 4-10-25 States clearly Hawkins was Questioned By Police Officer Courville, No Rights was Read At the Time of Questioned. Hawkins was Handcuff And not free To walk Away, Shall Produce Document of A Police Report.

To Committ An Offense, Police Has Reasonable and Trustworthy Information, That they Had Received Information Connecting Hawkins to Any Criminal Activity Before Terry Stop 4-10-25, Shall The Clerk of Court Becky Freeland And District Attorney Lauren Heinen produce proof of Hawkins Committing A Crime Before Terry Step 4-10-25.

It's Further Ordered that this Court Order Clerk of Court Becky Freeland And District Attorney Lauren Heinen Produced To the Western District Court The Original 4 grams of methamphetamine Police Coleville found in the Pocket of Hawkins on 4-10-25. Also Shall Produce the Records of Lab Result of 2.54 grams of methamphetamine that Lab Test was send By the District Attorney Lauren Heinen. Shall Record Reflect Lab Result only tested 2.54 gram it is a Differance Between substance seized on crime scene Original seized from Pocket 4 grams Subtract 2.54 A Big Difference in weight That About 1.46 grams Difference 45% percent missing from 4 grams

Weight Discrepancy Between substance seized on scene And Original substance seized from pocket. Brain Hughes 258 50.3d 179

State Vs. Francis 345 50.2d 1120 Drug was Tampering with or Contiminated loss of Evidence from police property. Shall 4 grams Be Produce To Western District Court, Also Shall produce Search warrant of Hawkins personal property

and Police Constible Broussard (corporation) Broussard company of
Police Car on 4-10-2025 Time 10:30 a.m to 19:27 pm 7:27 pm
Produce City Police of Jennings, LA "Call for Service"
Dispatcher C-Broussard, Records of Call for Service By
4 Police Unit 44, 75, 36, And 39, On Scene Arresting Hawkins
Shall Clerk of Court Becky Freeland And District Attorney
Lauren Heinen Produce Records To the Western District Court
Federal Judge LeBlanc And Cain Jr. Proof of Terry Stop
was not Violated, Police Officer on 4-10-25 misconduct
in Violation of Hawkins Constitutional Rights, Police Exceeded
their Authority with terry stop "Pat Down", Violations of
Hawkins Right To Be left Alone was Violated, Hawkins was
Handcuff And was not free To walk away from Police Officer
on 4-10-25, Before "Terry Stop", No Crime Had or was
Committed Before Terry Stop.

It is Futher Order that Clerk of Court Becky
Freeland And District Attorney Lauren Heinen. Shall Produce
Detention Hawkins Provide Fruitless, there was Justification
To Stop And Search Hawkins, A Hunch or suspicion of illegal
Activity is Insufficient to Establish Reasonable grounds To
Stop A person unreasonable and Violative of A Citizens
Rights under the 4th Amendment to U.S. Constitution
Infringement upon the Individuals Constitutional Right To Be
Left Alone, Hawkins Alleges Has A Equal Right to ignore, Has
was not free to walk away. He was Handcuff, Terry Stop, No
Crime was Committed Before the Terry Stop "Pat Down" of
Hawkins LA.R.S. 215.1 Probable Cause Authorizes the
Temporary Questioning of person in Public Places: (A)
A Law Enforcement Officer may stop A person in a public
places whom He Reasonably suspect is Commiting
Offense, Has Committed an Offense, or is About

PAT DOWN Searches Are Limited to A FRISK of the outer clothing for weapon. Police Officer Counville Exceeded the Scope of His Authority under the Terry Stop And it progency. Hawkins was not free to walk away He was Handcuff Immediately. Triggers the protection provided By Terry Stop and Miranda Rights. The EXACT situtation which Demand the protection of Miranda Post Arrest Miranda Does Not cure this illegality And PAT Down Exceeded it's scope. NO search or seizure was valid As probable Cause, Nor Exgent Circumstances Existed and NO Search Warrant or Warrant WAS obtained

Further Hawkins urges. Motion To Show Cause for All of the Above Constitutional Violations Shall clerk of Count Becky Freeland And District Attorney Lauren Heinew Produce Any or All Documents stated in This motion. Hawkins pray Respectfully That this W.D.F.C. grant such said motion to Show Cause Memorandum Order granting motion motion To Show Cause in W.D.F.C. Suite 2100 Sec P 800 Lafayette, St, Lafayette Louisiana, 70501. The United States Courthouse on the ___ Day of _____ 2026 AT O'Clock ___ m why motion Should not Be granted

Submitted By
Emile Hawkins

DATE        Judge

Being Search By Police, Courville 4-10-25 Search warrant issue for Hawkins personal property To Be search During Terry stop, PAT Down, Police Exceed their Authority with the Terry stop. PAT Down, Citizen is stop is Imminent that the Right to Be Left Alone is Violated.

Motion To Show Cause "Right TO Privacy" A Commander may Authorize a Search If He Reasonably Certain that An Offense Has Been Committed And that Item Connected with the Offense will Be Found in the Location He Intends To Search. He shall Immediately Contact His servizine Judge Advocate in Order To obtain a civil, An search Warrant And the Assistance Of Local Law Enforcement: Commander shall Consult with a Judg. Advocate Before prior Taking Action; The Fruit Of the Poisonous Tree. Before He Places A Hand on the person Of A Citizen in search Of Anything, He must HAVE constitutionally Adequate Reasonable grounds for Doing so, On 4-10-25 police Courville. Had No Reason for Placing His Hand on Hawkins He police Had No Reasoable grounds for Doing so. A citizen Right to Be free From government Interference, Reasonable cause Exists, Although flight, NERVOUSNESS, or a startled Look at the sight of a police officer is, By Itself, In sufficient To Justify An investigatiory stop" Terry Stop" unreasonable And Violative of a Citizens Rights under 4th Amendment Right.

Motion To Show Cause Hawkins Has the Right In Louisiana To Refused unlawful Arrest, By Police Courville prior To Terry Stop, No Crime was committed By Hawkins Before the Terry stop, Hawkins personal Property was search Doing Terry stop, PAT Down, His Body is WHAT A Terry stop is About for weapon on body