Emile Hawkins PRO-Se          Western District Court
VS.          #2:26-CV-00417 Sec P          Judge: CAIN Jr.
Ryan Courville, Mendora Edardo          Judge: LeBLANC
BRANDON Guillory, C-BROUSSARd EZAI

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
APR 24 2026
DANIEL J. McCOY, CLERK
BY:_____

ORDER:

Motion To Show Cause For Memorandum Order
&
Motion For Court Order To Clerk Of Court
SvBPoena Duces tecum, Tangible Thing or Evidence
Rule 37
&
Motion ReQuest For PRoduction of Documents
PURSUANT To Rule 34

Now Into Court Comes through under signed PRO-Se Emile Hawkins, Plaintiff comes Respectfully Inform this HONORABLE COURT, PURSUANT to Rule 34, ReQuest for PRoduction of Documents, This Court HAS Authority to Order Defendants To Respond, To Hawkins ReQuest Motion For Court Order To Provide Tangible Evidence And Document. Hawkins Alleges Violations ON 4-10-2025 Time 10:30 A.m. To 19:27 p.m. or 7:27 p.m. Body worn Camera & DAsh Camera From Police Unit 44, 75, 36, And 39, Police Station Outside And Inside Holding cell SurvieItance.
    Camera PRoduce Evidence To Hawkins const, Violation Motion To SHow Cause For Memorandum Order For the City of Jennings City Police STAff member Ryan Courville, MendoRa EdARdo, BRANdon Guillory, Dispatcher C-BROUSSARd, SHAll Produce And Provide Such Said STATed Listed Documents in this Order

To Clerk of court, W.D. AL, 300 Fannin Street, Suite 1167, Shreveport, LA 71101-3083, Also Provide copies To Plaintiff Emile Hawkins A-2 J.D.C.C. 1530 Hwy 90 west, P.O. Box 863, Jennings, LA 70546

Motio To Show cause, For Memo/Random Order For Name Stated Defendants In This Lawsuit, Produce Body worn Camera, During the Arrest of Plaintiff Hawkins on Corner of Jefferson ST And Craig ST, Jennings, LA, Here in Hawkins Alleges Serval Violations of Both Federal and Louisiana Constitutional Rights was Violated By All Defendants Police officers Violated on Body worn Camera, Failure To Read Hawkins Miranda Warning Adive Rights.

Miranda Vs. Arizona 384 U.S. 436 86 S.CT 1602, 16 L.Ed.2d 694, 1966
State V. King 340 So.3d 754
State V. Melendez 382 So.3d 408

Hawkins Alleges Production of Body worn Camera will Produce other Violations occur By Defendants on, 4-10-2025 10:30 Am To 10:27 p.m.

Hawkins Also states clearly Defendants Violated LA. R.S. 215.1 Probale cause To Arrest, Terry Stop. Body worn Camera will Produce. Hawkins was not Committing A crime, Had not Committed A crime or was About To Commit A offense. Prior To The Terry Stop. PAT Down, searches Are Limited To Frisk of the Outer Clothing For weapons, And No Further. If the Police Could go into Hawkins pocket exceeded the scope of His Authority

under Terry Step. And it progeny. At the time of The Terry stop. Pat Down there were search Officers, Police Unit 75, 44, 36, And 39. Hawkins was not free To walk away He was place in Handcuff on scene Placed in the seat of Police Car. Questioned By Police Courville. Once the Officer was satisfied that no weapon Resulted from His Pat Down. MOVER Avers This stop Takes a Different Direction As Hawkins is in Custody And Being Subject To Custodial Interrogation, Actually. Hawkins was Detained Immediately, which Trigger the Protection Provided By Miranda Right, The Police Courville Did not Advised Hawkins of His Miranda Rights.

Body worn Camera will prove Police Courville Did not observe Any criminal Activity of Hawkins, And not Received Any Police Report of Criminal Activity of Hawkins At the Time of the Initial stop. There was No Reasonable Suspicion of Any crime Being Committed in Police Report By Hawkins this was AN illegal Stop. The Fruit of the Poisonous Tree.

Hawkins Alleges Body worn Camera will prove Police Courville violated 4th Amendment of the United States Constitution Provides that, the Right of the people to be Secure in their persons, Houses, papers, And effects, Against unReasonable Searches And Seizures, Shall not Be Violated " Article 1 Section 5 of the Louisiana Constitution Provides Broader Protection, Stating that every person Shall Be Secure in His person Against unReasonable Searches Seizure or Invasions Of Privacy, State V. John/ 1238034 196

Motion To Show Cause For Judgement And In Order 4
For City of Jennings, City Police Staff member
C. Broussard Dispatcher, "Call for Service", Stated
on Police Report 4-10-25 19:27 p.m She Received phone
calls, from 4police unit cars 75, 36, 44, And 39 on scene
on Scene Arresting Hawkins. "call for service"
And Body worn Camera Shall Be Produce To the W.D.7.E.
300 Fannin St. Suite 1169, Shreveport, LA 71101-3083
Also, Provide Copies to Plaintiff Emile Hawkins a^2 J.D.C.
1530 Aug 90 west Jennings,LA 70546, Hawkins Alleges
Dispatcher C.Broussard of City Police Department Jennings,
LA., 110 N. Broadway Jennings,LA 70546, C. Broussard
Dispatcher, Has Violated Louisiana, LA.R.S. 14:133
Filing False Public Records: Provides in Part, Depositing
for Records in Any Public office or with Any Public
Official or the Maintaining As Required By Law Regulation
or Rules with Knowledge of its Falsity:
Police Records given to Hawkins in "Motion To Discovery"
By D.A. Lauren Heinen 31st J.D.C., That the City Police
Department "Call For Service" Dispatcher C. Broussard
File into the 31st J.D.C. False Public Records of Police Report
on 4-10-2025 Hawkins was Not Arrest At 19:27 p.m.
on 7:37 p.m.; Hawkins was Arrest Between Hours 10:30 A.m.
To: 4:00 p.m. on the corner of Jefferson St and Craig St.
Jennings, LA, Police Councille Body worn Camera will
prove Time, Day and Location, How Can C. Broussard
Do Police Report "Call For Service" Stating He on 4-10-25
At The City Police Department, working Dispatcher Call
when Ever they Stop A Citizen, Police Officer Call in their
Unit C. Broussard Know He Didn't Received no Calls from
4 police unit 44, 75, 36, And 39 with Hawkins Arrest

On 4-10-2025 At 19:00 p.m. or 7:00 p.m. L.A.R.S. 14:133 "Filing False Public Record" Call for Service is Public Record. City Police Department Of Jennings, La

1. Any Forged Document
2. Any Wrongfully Altered Document
3. Any Document Containing False Statement or False Representation of a Material Fact.

Hawkins Alleges, C-Broussard knew He File False Representation Of A Material Fact, Hawkins Body was in the City of Jennings Police Department Holding Cell for over 8-10 Hours in a Strap Down Chair, Surveillance Camera of Police Department will show where Hawkins Body was at 19:00 p.m or 7:00 p.m on 4-10-25, 4 Police Unit 75, 36, 44, And 39 How can They Say Hawkins Body was on the Corner of Jefferson St and Craig St. At 19:00 p.m. or 7:00 p.m. Observe Hawkins Body Being Handcuff for Committing a Crime, Terry Stop. No Crime was Committed. On 4-10-2025 Police All for on Scene Arrest Body Worn Camera And Plus Dash Camera out of Car, Needs To Be Produce to The Western District Court, for Proof of Day Time And Location "Call for Service" Records of City Police Department. From Hours 10:30 A.m. To 19:00 AM To Prove False Public Records False Representation Of A Material Fact, That has Been File Into the 31st J.D.C. Bill of Information, on Emile Hawkins Arrest, "Call for Service" Dispatcher C-Broussard is in the Records Of State Offical Documents, 31st J.D.C. is A Public Office Containing False Statement and False Representation Of A Material Fact, Been File By Dispatcher C-Broussard and other Police Officers

Ryan Courville, Men Dora Courvey, Braxden Guillory And John Doe Officer Name is Not Knowing At This Time.

Hawkins Alleges on 4-10-2025 City Police Officers, Violated Both of United States And Louisiana Constitution 4th Amendment Right, search And seizure rights of Terry Stop

Hawkins Alleges on 4-10-2025 City Police Officers Violated Both of United States And Louisiana Constitution 5th And 6th Amendment Rights, Privilege Rights Against Self-Incrimination. Miranda Warning Advise Rights of A Terry Stop.

Outlined Procedural safeguards that must Be Satisfied Before A Custodial Interrogation Takes places Prior to Any Questioning, Hawkins should Have Been Informed that He Had the Right to speak to a Lawyer Before And During He Answered A single Question from Police Courville Federal Constitutional guarantee of Counsel To Protect 5th And 6th Amendment Privilege Against Self-Incrimination

Motion To Show Cause Whether Police Officer Courville, Mendora, Guillory And John Doe, Had Reasonable Cause To Arrest Hawkins Before The Terry Stop on 4-10-2025. LA, R.S. 215.1 Probable Cause Authorizes the Temporary Questioning Of Person in Public Places (A) A Law Enforcement Officer May stop A person in a Public places whom He Reasonably suspect is Committing Offense, Has Committed An Offense, OR is About to Commit An Offense, Police HAS Reasonable And Trustworthy Information, That they Had Received Information Connecting Hawkins to Any Criminal Activity. Arresting Courville Had no suspicious Of a crime Being Committed By

Hawkins before the Terry Stop, citizen is unlawfully stopped without reasonable cause, that stop is imminent that the right to be left alone is violated, thereby rendering unlawful any resultant seizure of abandoned personal property. Detention Hawkins provide fruitless there was no justification to stop and search Hawkins a hunch or suspicion of illegal activity is insufficient to establish reasonable grounds to stop a person. Unreasonable and violative of a citizens rights under the 4th Amendment to U.S. Constitution

Infringement upon the individuals constitutional right to be left alone, Hawkins alleges has an equal right to ignore his interrogator and walk away. He certainly need not to submit to a frisk for the questioners protection, Hawkins was not free to walk away

Reasonable cause exist, although flight, nervousness, or a startled look at the sight of a police officers is, by itself, insufficient to justify an Terry Stop. It is sufficient that the officer establishes a substantial possibility danger. Police Courville in police report states he was riding around, he stop Hawkins, so police Courville life was not in danger before a Terry Stop of Hawkins. Police officer are not entitled to stop at will any person. In Louisiana Hawkins has the right to refused unlawful arrest in Louisiana 4th Amendment right, right to be free from government interference, the police officer is not entitled to seize and search every person whom he sees on the streets or of whom he makes inquiries before he places a hand on the person Hawkins in search of anything he must have constitutionally adequate reasonable

Greamas for Relief So.

Police Exceeded their Authority with the Terry Stop Pat Down Search Violations of Hawkins Rights to Be Left Alone, No Crime Had or was Committed Before Terry Stop 4-10-25., Prior To Express Questioning That Took places while Hawkins was in custody in Police Car Back seat Being Questioned By Police Courville 4-10-25 without Miranda Rights Being Read To Him. Unscene on the Conern of Jefferson St And Craig St Jennings, LA. This Seizure was Unconstitutional Terry Stop

Motion To Show Cause Of Jennings City Police Officers Misconduct in Violation of Hawkins Constitutional Right. Under LA. Const Article 1 Section 5

Hawkins Has Legal Right to Walk Away From the Encounter Hawkins Rights To Be Left Alone was Violated On 4-10-25 By City Police Officers.

Memorandum Order For Police Officer To Forward Body Worn Camera, Dash Can Camera, And Surviellance Camera From Police Station Forward To Clerk of Court, Judge Cain Jr, And Le Blanc of W.D.F.C. secp. suite 2100 800 Lafayette St, Lafayett, LA, And Forward Copies Also To Emile Hawkins A'2 J.D.C.C./ 1530 Hwy 90 West Jennings, LA 70546

It is Further Ordered that this W.D.F.C. Shall Show Causes why Motion To Show Cause For Memorandum Order Should Not Be granted. The U.S. Courthouse on the ____ Day of ____ 2026 At ___ O'Clock ___ m Why Motion Should Not Be Grated.

Hawkins pray Respectfully that this W.D.F.C grant such said Motion to Show Cause For Memorandum Order And Clerk of Court Order. _____

Date ____ Judge ____

Submitted By
Emile Hawkins