Western District Federal Court

Emile Hawkins

vs.

Ryan Courville Etal
Mendora Edardo, Brandon Guillory
C-Broussard, John Doe

Case: 2:26-cv-00417
Judge: Jame D. Cain Jr
Judge: Thomas ___ Blanc

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAY 04 2026

DANIEL J. McCOY, CLERK
BY: KW

"Motion To Amend Complaint Civil Procedure Federal Rule #8

Now into court through undersigned Pro-se Emile Hawkins who Respectfully Informs this Honorable Court that Motion To Amend Complaint Be Here By granted to Him By Federal Rule #8.

Hawkins Alleges that He committed no Crime 4-10-25. Brannon Trahan vs. City of Scott 802 So.2d 24. They Had Jabsolutely no Authority To stop Him And Question Him, Law Enforcement Officer are not Authorized to stop an individual And Question them At All unless As clearly set Forth Article 215.1 Probable Cause, the Police Courville were unable to Articulate Any Reasonable Basis for suspecting Him of any Past, Present or Future Criminal Activity, They Had no Authority under the Law to Demand His identity Search Him and Handcuff Him, Police Courville Did not Observe Any Criminal Activity And Had not Received Any Report of Criminal or Suspicious Activity. the Time of the initial Stop There was no Reasonable Suspicion of Any Crime

Being Committed, Police Courville Had no Right To Further Detain Hawkins keep Him HandCuff in the Police Car, Because they Had no Probable Cause To Believe A Crime was Committed. State VS. Marino 74 SO.3d 742 The Fruit OF An Unlawful Arrest, Hawkins Did not predict any Future Criminal Activity, Nor was set to Engage In, Police Courville Did not Describe with Adequate Specificity Any Past Criminal Activity Hawkins Had Previously Engaged in, Failed to Establish that Hawkins was Engaging in Any Conduct which would Justify the Belief that He Committed or was About To Committ A Criminal offense, Police Courville Action Stopping Hawkins was not made pursuant to Reasonable Suspicion And was there fore made in Violation OF Hawkins Constitutional Right. The Subsequent Seizure OF Any Evidence From Hawkins personal Belonging was Also not Lawful, Any Evidence seized from Hawkins ToolBag, The Fruit OF An Unlawful Arrest, ON 440-25, Also The Fruit of the Poisonous Tree.

State V. King 340 SO.3d 754, Hawkins was in Custodial Interrogation, Necessary To Trigger A Miranda Warning AT the Time OF Questioning Hawkins was Not Advised OF His Miranda Rights prior To Express Questioning, that Took place while Hawkins was HandCuff Question In Police Car Back Seat, Police Courville Body Worn Camera

4-10-25 Between 10:30 A.m To. 4:00 p.m footage of Police Counville, will prove Both Hawkins federal And Louisiana Constitutional Right, Miranda Rights, was Violated By Police Counville, 4-10-25 At 22:00 p.m on Police Report written By Police Counville under Oath. Declare under Penalty of Perjury of Louisiana State Law. 5th Amendment privilege Rights Against Self Incrimination, Citizen Has the Right to Be Free and To Refused unlawful Arrest In Louisiana Louisiana Constitution protects A Citizen Right to Privacy. Prohibit unReasonable Searches And Seizure And A Warrant Based upon Probable Cause is Normally Required for Such A Search to Be Conducted. 703 (D) Exigent Circumstances Search And Seizure made without A Warrant Issued on prior Approval By A Judge or Magistrate Are per-se unReasonable And Violative of A Citizen Right under the 4th Amendment To the U.S. Constitution. D.A. form 3745 should Be used By The Commander when Authorizing A Search. During Terry Stop.

Hawkins pray That this motion To Amend Complaint Civil Procedure, Federal Rule #8, That this motion Be granted upon This matter.