RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MAY 1 9 2026
DANIEL J. McCOY, CLERK
BY: KW

2

Emile Hawkins Pro-Se
VS.
Ryan Courville, Mendoza Edardo, Brandon Guillory, E. Broussard,

CASE: 26-CV-00417
Judge: Cain Jr
Judge: LeBlanc

Motion To Amend Complaint Civil Procedure Federal Rule #8

Now Into Court through undersigned Pro-Se Emile Hawkins who Respectfully Informs this Honorable Court that Motion To Amend Complaint Be Hereby granted to Him By Federal Rule #8.

grounds there for Alleges that said material Evidence and testimony were seized as a Result of an illegal detention, Arrest, and search in Violation of His First, Fourth, and Fourteenth Amendment Rights under the United States Constitution and Article 1, Section 5 And 7 of the Louisiana Constitution, on April 10, 2025 Officers Ryan Courville and Brandon Guillory observed A Black male later identified as Emile Hawkins Pushing A Bicycle and Lawmower Along with Several Tools Typically used for Lawn care. while inside Patrol unit Officer Courville initiated Contact with Mr. Hawkins By inquiring as to the ownership of the Lawnmower, Mr. Hawkins Responded to this inquiry By Shouting Expletives At Officer Courville.

Cursing Directed At A police Officer is Constitutionally protected speech under the First Amendment to the United States Constitution and under 1 Section 7

of the Louisiana Constitution which protects the Right of Freedom of Speech unless the words are "Fighting words." Hearing these Expletives, Officer Courville slammed His Patrol unit into park and shouted for Mr. Hawkins to approach the Officer. The encounter escalated further, whereby Hawkins was placed in Handcuffs by Officer Courville with the Assistance of Officer Guillory. while Restrained Officer Courville conducted a Pat Down of Hawkins. Everything obtained from officer Courville Haphazard Frisk of Mr. Hawkins said Frisk and Resulting search were unconstitutional as it was conducted without consent, was outside the scope of a protective Frisk for weapons, and there was no probable cause to Remove Anything from Hawkins.

Said Actions were taken without probable cause to Believe A crime Had occurred or was occurring without specific, and Articulable facts, when taken together with Rational Inferences from those Fact, Reasonably warranting the intrusion of an Investigatory Stop. And further, were Based on Insufficient information

An Officers suspicion that he is in Danger is not Reasonable unless the Officer can point to Particular Facts which Led Him to Believe that the individual was Armed and Dangerous. Here, there was nothing to indicate to Officer Courville that Mr. Hawkins presented a Threat.

The Further Search of Hawkins Pocket was constitutionally invalid, the Seizure of the Items From Hawkins was Held unconstitutional.

Officer Courville's unlawful Arrest Based on Disturbing the peace, However, no matter How enraged Officer Courville might Have Been By the Language of Mr. Hawkins an Arrest For Disturbing the peace is not Justifiable And is unlawful As such, All Fruits From such an illegal Arrest Should Be Suppressed, State v. Fontenot 410 So.2d 1112 (1982) Wong Sim Vs. United States 371 US 471, 488 83 SCt 407, 9 L. Ed 2d 441 (1963) weeks V. United States 232 US 383, 34 S Ct 341, 58 L. Ed 642 (1914)

Royer Where They Held that when an Officers without Reasonable Suspicion or Probable Cause Approaches an individual, the individual Has A Right to Ignore the police And go About His Business Florida Vs. Royer 460 US. 491, 498 103 S.CT 1319 1319, 1324, 75 L. Ed. 2d 2201

Patdown Search went Past Permissible Bounds officer Accost an individual And Restrains His Freedom To walk way He Has "seized" That person For 4th Amendment purposes, police Exceeded their Authority with the Search.

State V. King 340 So.3d 754, State V. John 123 So.3d 196
Brannon Trahan Vs. City of Scott 802 So.2d 24
State V. Marino 74 So.3d 742 (2011)